**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MU SIGMA, INC., | : | |
| | : | Civ. Action No.: 12-1323 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| AFFINE. INC., <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**<u>WOLFSON, District Court</u>**:

On July 16, 2013, this Court dismissed thirteen counts asserted against Defendants Affine, Inc. ("AI") and Affine Analytics Corp. ("AAC") (collectively, "Defendants") in Plaintiff Mu Sigma, Inc.'s ("Mu Sigma" or "Plaintiff") Second Amended Complaint ("July Decision").  In the present matter, Plaintiff moves for partial reconsideration of the July Decision, or in the alternative, for leave to file a third amended complaint on the grounds that the amendments would serve the interest of justice pursuant to Fed R. Civ. P. 59(e).  For the reasons that follow, the motion for reconsideration is **DENIED**, and the motion for leave to file a third amended complaint is **GRANTED** in part and **DENIED** in part.

BACKGROUND

For the purposes of judicial economy, I will not repeat the facts here; rather, the factual recitation of this case in the July Decision is incorporated herein.  I will instead set forth the procedural history.  Plaintiff commenced this action in the Law Division of the New Jersey Superior Court, Somerset County on December 20, 2011. In the initial

Complaint, Plaintiff filed an order to show cause, whereby it sought preliminary injunctive relief against the original defendants, including AI and AAC. In response, on March 2, 2012, the original defendants removed the case to this Court based on diversity jurisdiction. After removal, Plaintiff renewed its motion for a preliminary injunction. The original defendants then moved to dismiss the claims against them for lack of personal jurisdiction. On July 17, 2012, the Court dismissed all the defendants—Affine Analytics Ltd. and the founders of the three Affine corporations, Abhishek Anand, Manas Agrawal, Shivaprasad K.T., and Vineet Kumar (hereinafter, the "Founders")—except for AI and AAC.

On December 3, 2012, AI and AAC filed a motion to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim. On July 17, 2013, this Court granted Defendants' motion and dismissed all thirteen counts in the SAC. Plaintiff now seeks reconsideration of the dismissal as to the following claims: (1) tortious interference with prospective economic advantage, (2) tortious interference with contractual relations, (3) unfair competition, (4) misappropriation of trade secrets, and (5) alter ego. Further, Plaintiff submits that the Court should have afforded Plaintiff another opportunity to amend the SAC. In that regard, Plaintiff requests, in the alternative, that the Court Plaintiff grant leave to file a Third Amended Complaint. In connection with its request, Plaintiff has submitted a proposed Third Amended Complaint, which purportedly includes more factual specificity of its claims against Defendants. I will review and set forth those allegations in more detail later in this Opinion.

**DISCUSSION**

I. **STANDARD OF REVIEW**

   A. **Motion For Reconsideration**

Local Civil Rules 7.1(i) governs a motion for reconsideration.[1] Clark v. Prudential Ins. Co. of Am., 940 F. Supp. 2d 186, 189 (D.N.J. 2013); see L. Civ. R. 7(i). The Rule states that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). A party may seek reconsideration of a court's decision if the party "believes the Judge or Magistrate Judge has overlooked" a "matter or controlling decisions" when it ruled on the motion. Clark, 940 F. Supp. 2d at 189. "The word 'overlooked' is the operative term in the Rule." NL Industries, Inc. v Commercial Union Ins. Co., 935 F. Supp.

In order to succeed on a motion for reconsideration, the movant has the burden of demonstrating at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To succeed under the third prong, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" D'Argenzio v. Bank of America Corp., 877 F. Supp. 2d 202, 207 (D.N.J.

---

[1] A motion for reconsideration pursuant to L. Civ. R. 7(i) is "the 'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." Einhorn v. Kaleck Bros., Inc., 713 F. Supp. 2d 417, 426 (D.N.J. 2010) (quoting Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir.1990)).

2012). Furthermore, the movant must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed. Leja v. Schmidt Mfg., Inc., 743 F. Supp. 2d 444, 456 (D.N.J. 2010).

In addition, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc. 16 F. Supp. 2d 511, 533 (D.N.J. 1998). In other words, Local Rule 7.1(i) "does not permit a Court to rethink its previous decision, rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." Buffa v. N.J. State Dep't of Judiciary, 56 Fed. App'x 571, 575 (3d Cir. 2003); see P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citations and quotations omitted); see also CPS MedManagement LLC v. Bergen Regional Medical Center, L.P., 940 F. Supp. 2d 141, 168 (D.N.J. 2013) ("The motion [for reconsideration] is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment.").

### B. Motion For Leave To File Amended Complaint Pursuant to Rule 59(e)

The determination of whether a party may amend a judgment or be given leave to amend a complaint is within the sound discretion of the court." See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (2001). After a judgment is entered dismissing a 12(b)(6) motion to dismiss, "a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and

4

60(b)." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 (3d Cir. 2011) (quoting Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007)). Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Id. In this circuit, "where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors."[2] Id. (quoting In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 280 (3d Cir. 2004)).

Those factors include: "undue delay, bad faith, prejudice, or futility."[3] Id. at 230-31. Regarding undue delay, the passage of time alone is an insufficient ground to deny leave to amend. Cureton, 252 F.3d at 273. "[H]owever, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."[4] Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). As to the second factor, "prejudice to the non-moving party is the touchstone for the denial of the amendment." CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 629 (3d Cir. 2013) (quoting Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990)). Prejudice requires an assessment of "the hardship to the defendants if the amendment [is] permitted." Cureton, 252 F.3d at 273. The court should consider "whether allowing an amendment would [result] in additional discovery, cost,

---

[2] The Third Circuit has adopted "the Fifth Circuit's understanding of the relationship between Rules 15(a) and 59(e)." South Jersey Gas Co. v. Mueller Co., Ltd. Civ. No. 09-4194 (JS), 2011 WL 5873028 (D.N.J. Nov. 18, 2011).

[3] The District Court should not apply the traditional Rule 59(e) factors on a motion under Rule 59(e) to amend the complaint. Holland v. Macerich, Civ. No. 09-914 (RMB), 2012 WL 1377359 (D.N.J. Apr. 18, 2012) (citing Burtch, 662, F.3d at 230-31).

[4] For example, "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Cureton, 252 F.3d at 273.

5

and preparation to defendant against new facts or new theories." Id. Finally, the futility factor "means that the complaint, as amended, would fail to state a claim upon which could be granted." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3e 159, 175 (3d Cir. 2010) (quoting In re Merck & Co. Sec., Derivatives, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)). The "same standard of legal sufficiency" as applied to Rule 12(b) (6) assesses futility. Id. In that connection, "[t]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." Id. (quoting Winer Family Trust v. Queen, 503 F.3d 319, 330-31) (3d Cir. 2007).

The Court must bear in mind, however, that while the factors are identical in assessing both Rule 59(e) and Rule 15(a) motions, the liberal standard of Rule 15(a) is not applicable after the judgment is entered because Rule 59(e) should not be employed in a manner contrary to "favoring finality of judgments and the expeditious termination of litigation…." Id. at 231 (quoting Ahmed v. Dragovich, 291 F.3d 201, 208 (3d Cir. 2002)).

## DISCUSSION

### I. Motion for Reconsideration

Pursuant to L. Civ. R. 7.1(i), Plaintiff argues that the Court's dismissal of Plaintiff's Second Amended Complaint was made in clear error of fact and law, and as a result, manifest injustice will occur without intervention by the Court. In addition, Plaintiff argues that it should have been afforded the opportunity to amend its Second Amended Complaint prior to this Court granting Defendants' motion to dismiss. In response, Defendants argue that Plaintiff's motion for reconsideration must fail as a

matter of law because Plaintiff merely disagrees with the judgment of this Court. Defendants further argue that this Court had no obligation to notify Plaintiff of its right to amend its Second Amended Complaint.

Prior to analyzing the motion for reconsideration, the Court first addresses Plaintiff's contention that it should have been afforded the opportunity to amend its Second Amended Complaint. The Third Circuit has cautioned that when a court permits a party to amend after an adverse decision against that party on a motion to dismiss, a threshold determination must be made whether any amendments would be inequitable or futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, this Court dismissed Plaintiff's Second Amended Complaint without providing Plaintiff another opportunity to amend because Plaintiff had failed to cure its pleading defects after two unsuccessful attempts. However, as it will be discussed supra, the Court will consider Plaintiff's amendments in light of its motion pursuant to Rule 59(e).

As to its motion for reconsideration, Plaintiff has not argued that there has been an intervening change in the controlling law or that new evidence is available. Instead, Plaintiff argues that the Court needs to correct a clear error of fact and law in order to avoid a manifest injustice. In so arguing, however, Plaintiff does not present this Court with any "dispositive factual matters or controlling decisions of law" that were overlooked, see D'Argenzio v. Bank of America Corp., 877 F. Supp. 2d 202, 207 (D.N.J. 2012), rather, Plaintiff merely presents new allegations that should have been raised prior to the Court's July Decision. CPS MedManagement LLC v. Bergen Regional Medical Center, L.P., 940 F. Supp. 2d 141, 168 (D.N.J. 2013). In that regard, the Court denies Plaintiff's motion for reconsideration.

7

## II.     Motion for Leave to Amend After the Final Judgment

In the alternative, Plaintiff requests leave to amend the Second Amended Complaint after a final judgment pursuant to Fed. R. Civ. P. 59(e). Plaintiff argues that it is able to cure the deficiencies of the Second Amended Complaint by adding more specificity to seven of its claims against Defendants. To the contrary, Defendants maintain that the proposed Third Amended Complaint is also insufficiently pled.

Before I assess the futility of Plaintiff's new amendments, I find that Plaintiff has not engaged in undue delay, bad faith, or prejudice, particularly since Defendants have not objected to Plaintiff's amendment request on these bases. Thus, my merit analysis of Plaintiff's Rule 59(e) motion focuses on the futility of the proposed Third Amended Complaint, which shall be examined under the "same standard of legal sufficiency" as a Rule 12(b)(6) motion. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). Because Plaintiff only moves to amend seven out of the thirteen counts dismissed previously, I will only focus on those seven counts: (1) tortious interference with prospective economic advantage, (2) tortious interference with contractual relations, (3) civil conspiracy to interfere with prospective economic advantage; (4) civil conspiracy to interfere with contractual relations; (5) unfair competition, (6) misappropriation of trade secrets, and (7) alter ego. I also note that the recitations of the legal principles underlying these causes of actions were included in the July Decision; those principles will be incorporated herein.

The deficiency that was fatal to Plaintiff's claims in the Second Amended Complaint is the lack of any allegations of illegal actions on the part of Defendants. In that regard, the Court held that Plaintiff could not attribute the alleged wrongful acts of

8

the Founders – committed before the incorporation of AI and AAC – to the defendant entities. In the proposed Third Amended Complaint, Plaintiff has injected sufficient specificity to cure the deficiencies of its earlier complaint.

The proposed Third Amended Complaint alleges, *inter alia*, that the Founders conspired and stole Mu Sigma's confidential materials during their employment at Mu Sigma for the express purpose of benefitting the defendant entities, i.e., AI and AAC. See Pl.'s Amend. Compl., ¶ 4. After the formation of AI and AAC, the Founders transmitted, and Defendants knowingly accepted, the misappropriated trade secrets. See id. at ¶¶ 11-19. Currently, Defendants allegedly continue to use the misappropriated information obtained by the Founders. See id. at ¶¶ 27-28, 33, 35.

With respect to Plaintiff's allegations of current, continuous possession of Mu Sigma's misappropriated information, Plaintiff specifically alleges that Abhishek Anand solicited, among others, a Mu Sigma customer, a global computer software developer, on behalf of Defendants. Id. at ¶ 33. In an October 2012 email, Anand -- utilizing his knowledge of the pricing structures of Mu Sigma – allegedly told the customer that AI could offer better pricing and applications than its current provider, Mu Sigma. Id. In that connection, Plaintiff accuses Defendants, through Anand, of using misappropriated information to solicit customers. Id.

As to both claims for tortious interference with contractual relations and prospective economic advantage, Plaintiff has identified, in its proposed Third Amended Complaint, certain of Plaintiff's protected economic clients and interests from whom the Founders attempted to solicit business by using, for the benefit of the new defendant entities, "stolen" proprietary information the Founders obtained while they were

9

employed by Mu Sigma.  As an example, Plaintiff alleges that in October 2012, Anand intentionally interfered with the business relationship of Plaintiff and a global computer software developer and other prospective customers.  By doing so, Plaintiff alleges that it lost certain anticipated economic benefits, as well as Plaintiff's customers.  In addition, Plaintiff claims that Defendants have "actively solicited and employed [Mu Sigma's] employees in direct violation of the non-compete and non-solicitation provisions of the respective employee's agreements with Mu Sigma without any justification or excuse." Pl. Amend. Comp., ¶ 50.  I find that in light of those additional allegations, both claims for tortious interference with prospective economic advantage and contractual relations are sufficiently pled.

With respect to Plaintiff's claim for misappropriation of trade secrets, in the July Decision, the Court found that Plaintiff did not plead facts regarding how Defendants used the proprietary information to the detriment of Plaintiff.  Plaintiff has also cured that defect in this claim.  It is undisputed for the purpose of this motion that the proprietary information in question constitutes a trade secret. Plaintiff alleges that the Founders acquired the proprietary information, which was communicated to "Defendants in violation of their covenants not to disclose, compete, and solicit." Pl.'s Amend. Compl. ¶ 95. Plaintiff alleges that Defendants were aware that the proprietary information was acquired with knowledge of the employee's breach of confidence.  Indeed, the Founders were alleged to have acted on behalf of Defendants and therefore, knowledge could be inferred.  Next, Plaintiff alleges – which allegations were not included in its Second Amended Complaint -- two specific instances of the secret information being used by Defendants to the detriment of Plaintiff. First, Plaintiff alleges that "Defendants

10

convinced a top U.S. wholesale warehouse to discontinue using Mu Sigma's service and to use Affine instead." Pl.'s Amend. Compl. ¶ 98. Second, Plaintiff uses the allegations surrounding the October 2012 email in which Anand solicited a Mu Sigma customer on behalf of Defendants. Based on those allegations in the context of misappropriation, Plaintiff has connected the dots between the actions of the Founders and the actions of Defendants; that is, Plaintiff has sufficiently pled actions of Defendants using the alleged misappropriated trade secret to Plaintiff's detriment. Accordingly, this post judgment amendment as to this particular claim would not be futile.

Similarly, Plaintiff has sufficiently pled its unfair competition claim. In the July Decision, the Court found that Plaintiff did not identify any misleading or deceptive behavior on the part of AI and AAC sufficient to support a claim of unfair competition. Rather, the Court found that the crux of Plaintiff's assertions was directed at the conduct of the Founders -- prior to the formation of the defendant entities. By alleging specific wrongful acts of Defendants, albeit through the actions of the Founders, Plaintiff has sufficiently pled that Defendants are utilizing Mu Sigma's confidential information to unfairly compete with Plaintiff on behalf of, and with the knowledge of, Defendants. Accordingly, based on these allegations, Plaintiff sufficiently identifies deceptive and wrongful business practices on the part of Defendants that would render competition unfair. This claim may proceed.

To state a claim for civil conspiracy, a plaintiff must allege "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."

Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005) (quoting Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993)). However, in New Jersey, it is well settled that a "corporation which acts through authorized agents and employees… cannot conspire with itself." Sun Pharm. Indus., Inc. v. Core Tech Solutions, Inc., A-0646-11T4, 2013 WL 1942619 (N.J. Super. Ct. App. Div. May 13, 2013) (quoting Tynan v. Gen. Motors Corp., 248 N.J. Super. 654, 668 (App. Div. 1991), rev'd in part on other grounds, 127 N.J. 269 (1992)); see Johnson v. Baker, 445 F.2d 424, 427 (3d Cir. 1974) ("a corporation cannot conspire with itself anymore than a private individual can, and it is the general rule that the acts of the agents are the acts of the corporation."); see also Sunkett v. Misci, 183 F. Supp. 2d 691, 722 (D.N.J. 2002) ("When the officers of a corporation are acting in their corporate capacity, they cannot conspire with the corporation alone.").

    In the instant matter, Plaintiff's Third Amended Complaint alleges that AI and AAC have conspired with the Founders to interfere with Plaintiff's prospective economic advantage and contractual relations. However, as alleged, the wrongful actions of the Founders are taken in their official capacity on behalf of Defendants. Therefore, the alleged acts of the Founders in that context cannot form the basis of a civil conspiracy since a corporation cannot conspire with itself through the conduct of its agents.

    Finally, the Court addresses Plaintiff's inclusion of an alter ego claim. While there is an open question as to whether alter ego is a distinct recognizable cause of action or simply a theory of liability, the fatal defect in Plaintiff's claim is that the alleged alter ego of the defendant entities (i.e., the Founders) are not within this Court's jurisdiction, and therefore, the Founders are not within the purview of this litigation. Indeed, the

Court has previously found that it lacks personal jurisdiction over the Founders, and so, even if Plaintiff were successful in piercing the corporate veil, this Court would not have the requisite personal jurisdiction to enter judgment against the individual officers. However, if discovery reveals additional facts establishing this Court's personal jurisdiction over the Founders, Plaintiff may move to add the Founders and the alter ego claim at that time.

## CONCLUSION

Based on the forgoing, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff's motion for leave to file a Third Amended Complaint pursuant to Rule 59(e) is **DENIED** in part and **GRANTED** in part as follows: Counts One, Two, Five and Six are sufficiently pled; Counts Three, Four and Seven are **DISMISSED** without prejudice.

DATED:   March 24, 2014

/s/  Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.